IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-01143 |
| ) | |
| DOCTORS HOSPITAL 1997, L.P. dba ) | |
| UNITED MEMORIAL MEDICAL ) | |
| CENTER dba UNITED GENERAL ) | |
| HOSPTIAL, SYED RIZWAN MOHIUDDIN, ) | |
| and FARIDA MOEEN, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

The Plaintiff United States of America, pursuant to 26 U.S.C. §§ 7401 and 7402(a), with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General of the United States, brings this civil action to enjoin Defendants, Doctors Hospital 1997, L.P. dba United Memorial Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen, from continuing to pay wages to employees without paying over to the United States the associated payroll taxes. In support of this action, the United States alleges as follows:

**Jurisdiction and Venue**

1. Jurisdiction over this action is conferred upon this Court under 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. § 7402.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1396.

1

**Parties**

3. Defendant, Doctors Hospital 1977, LP dba United Memorial Medical Center dba United General Hospital ("Doctors") is a Domestic Limited Partnership with its principal place of business in Houston, Texas, which is within the jurisdiction of this Court. It may be served through its registered agent, Theresa A. Eatherly at 510 W. Tidwell Road, Houston, Texas 77091. The United States seeks injunctive relief against Doctors to require it to comply with federal tax laws in the operation of its business.

4. Defendant Syed Mohiuddin, resides in Houston, Texas, which is within the jurisdiction of this Court. Syed Mohiuddin is the Managing Partner of Doctors and is an owner of Doctors. The United States also seeks injunction relief against Syed Mohiuddin to prevent him from continuing to pyramid/accrue employment taxes owed by Doctors.

5. Defendant, Farida Moeen, resides in Houston, Texas, which is within the jurisdiction of this Court. Farida Moeen was and may presently be the Chief Executive Officer and Chief Financial Officer of Doctors. Farida Moeen currently presides over Doctors' financial matters. The United States seeks injunction relief against Farida Moeen to prevent her from continuing to pyramid/accrue employment taxes owed by Doctors.

**Count I: Injunction**

A.   *Employers' Responsibility for Employment Taxes*

6. The Internal Revenue Code requires employers to withhold from its employees' wages federal income taxes and Federal Insurance Contribution Act ("FICA") taxes and to pay over those withheld taxes to the Internal Revenue Service ("IRS"). 26 U.S.C. §§ 3102 and 3402. An employer must also pay its own share of FICA and Federal Unemployment Tax Act ("FUTA") taxes. These taxes, collectively, are known as "employment taxes."

7.    The Internal Revenue Code also requires employers to periodically deposit employment taxes in an appropriate federal depository bank in accordance with federal depositing regulations.  26 U.S.C. §§ 6302 and 6157; 26 C.F.R. §§ 31.6302-1, 31.6302(c)-2 and (c)-3.

B.    *Doctors' History and Business*

8.    Doctors Hospital 1997, LP is a Texas Limited Partnership based in Houston, Texas, founded in January 1998 for the purpose of operating a hospital facility located at 510 West Tidwell, Houston, Texas 77091.  The business operations consist of a patient care facility occurring on both an inpatient and outpatient basis.  The hospital has approximately 122 licensed beds.  The hospital employs approximately 190 employees.

9.    Currently the managing partner of Doctors is Syed Mohiuddin.  Farida Moeen, a previous CEO and managing partner, is presently an administrator, has signature authority, signs a majority of the checks and has significant control over the financial aspects of Doctors.

10.   Since at least 2013, Doctors began accruing employment tax obligations.  For the past five years, Doctors has continually and repeatedly accrued unpaid employment taxes, which total more than $2.8 million, including, penalties and interest as of February 5, 2018.

11.   Doctors has employees who are paid wages.

12.   Defendants failed to pay over withheld federal income and FICA taxes, as well as the employer's portion of FICA taxes, for the quarterly tax periods listed in the following chart.

| Quarterly Tax Period | Assessment Date | Original Assessment Amount | Unpaid Balance with Interest as of 2/05/2018 |
| --- | --- | --- | --- |
| December 31, 2013 | 05/12/2014 | $921,726.27 | $134,020.31 |
| March 31, 2014 | 06/23/2014 | $650,396.69 | $82,490.90 |
| March 31, 2015 | 09/07/2015 | $564,158.71 | $13,729.95 |

| June 30, 2015 | 11/09/2015 | $645,653.37 | $31,686.80 |
| --- | --- | --- | --- |
| September 30, 2015 | 02/29/2016 | $573,201.83 | $355,394.93 |
| December 31, 2015 | 05/23/2016 | $716,655.77 | $1,047,305.26 |
| March 31, 2016 | 07/04/2016 | $294,393.03 | $155,363.05 |
| March 31, 2017 | 09/04/2017 | $497,174.84 | $519,816.15 |
| December 31, 2017 | 04/09/2018 | $496,059.37 | $496,059.37 |
| **TOTAL** | | | **$2,835,866.72** |

Additionally, it appears that Doctors has not made sufficient deposits in the second quarter of 2017 and has not made any deposits for the third and fourth quarters of 2017 and the first quarter of 2018. Doctors has not filed its Forms 941 for the second and third quarters of 2017. Accordingly, there will be additional unpaid balances for the second, third and fourth quarters of 2017 and the first quarter of 2018.

13. Defendants failed to pay FUTA (Form 940) taxes for the tax periods listed in the following table:

| Quarterly Tax Period | Assessment Date | Original Assessment Amount | Unpaid Balance with Interest as of 2/05/2018 |
| --- | --- | --- | --- |
| December 31, 2014 | 05/11/2015 | $12,129.18 | $885.58 |
| **TOTAL** | | | **$885.58** |

C. *The IRS' Efforts to Collect Doctors' Unpaid Employment Taxes*

14. Beginning in 2014, the IRS has attempted to collect Doctors' unpaid employment tax liabilities, by filing notices of federal tax liens, attempting to secure installment agreements and offers in compromise, serving notices of intent to levy, and by assessing TFRP against the responsible persons under 26 U.S.C. § 6672. Despite these collections efforts, the tax liabilities remain largely unpaid.

15. Beginning in 2014, the IRS recorded Notices of Federal Tax Lien in the Harris County Recorder of Deeds' Office and the Texas Secretary of State's Office. Certified letters, Notices of Federal Tax Lien Filings and Your Right to a Hearing under 26 U.S.C. § 6320 for the tax periods referenced in the paragraphs above were sent to Doctors.

16. Doctors submitted two separate Installment Agreements. The first one was submitted on August 20, 2015, but did not qualify due to incomplete documentation. The second one was submitted on February 2, 2016. It did not qualify due to Doctors' failure to make federal tax deposits.

17. Doctors submitted three Offers in Compromise. The first offer was submitted on September 9, 2014 and was rejected on grounds as "Solely to Delay Collection". The second was submitted on March 17, 2016 and was also rejected on grounds "Solely to Delay Collection". The third was submitted on October 11, 2016 and was rejected on January 24, 2017 on grounds "Solely to Delay Collection.[1]

18. Doctors routinely appeals the IRS' rejection of offers and Installment Agreements. Doctors' tactics appears to be to submit unacceptable offers and installment agreements, then appeal the IRS' rejections which cause delay of collection. In all of Doctors' appeals the IRS decisions have been upheld.

19. The IRS has issued numerous levies, mainly as part of the Federal Payment Levy Program (FPLP). The levies have been successful, but difficult to maintain, because Doctors repeatedly requests release of the levies by complaining to IRS employees, at times elevating

---

[1] The second and third offers were each for a total amount of $800.

their concerns to IRS managers. On at least three occasions, the IRS has released a levy in response to Doctors' complaints, but upon research, the IRS reissued the levy.

20. On July 22, 2005, the IRS assessed the TFRP against Defendants, Herman Mabrie, III and Asaf Quadeer, related to the unpaid employment taxes of Doctors for the third and fourth quarters of 2013 and first quarter of 2014. However, Doctors continued to accrue liabilities after the TFRP was assessed. This TRFP assessment was full paid on June 26, 2015.

21. The IRS assessed the TFRP for the third and fourth quarters of 2015 and the first quarter of 2016 against Defendant, Syed Mohiuddin, related to Doctors' unpaid trust fund taxes, listed in the following table.

| Tax Period | Assessment Date | Original Assessment Amount | Unpaid Balance with Interest as of 11/01/2017 |
|---|---|---|---|
| September 30, 2015 | 09/26/2016 | $258,234.18 | $254,019.45 |
| December 31, 2015 | 09/26/2016 | $521,713.54 | $545,134.59 |
| March 31, 2016 | 02/27/2017 | $119,310 | $122,583.98 |
| TOTAL | | | $921,738.02 |

22. Defendant, Syed Mohiuddin has not filed his Form 1040 returns for the tax years 2014, 2015 and 2016. He has a balance due of $75,511.41 related to his Form 1040 taxes as of November 1, 2017 for the tax years 2005, 2007, 2008, 2009 and 2010.

23. Mohiuddin was also assessed the TFRP for the third and fourth quarters of 2008, all four quarters of 2009 and the first, second and fourth quarters of 2010 related to a different business. The balance due for that liability is $477,282.51 as of November 1, 2017. Further, Mr. Mohiuddin has used two different Social Security numbers on documents provided to the Internal Revenue Service. Additionally, an involuntary bankruptcy was filed against Mohiuddin in 2015, *In re Mohiuddin*, Case No. 15-34752-H (Bankr. S.D. Tex. 2015). This injunction action

is an exercise of the Government's regulatory and police power which is excepted from the automatic stay under the "regulatory and police powers exception." 11 U.S.C. § 362(b)(4). *See United States v. Fisher*, 2004 WL 62583 (N.D. Tex. 2004).

D.   *The United States' Need for an Injunction*

24.   Doctors has demonstrated a pattern of failing to comply with its employment tax obligations, accruing significant unpaid tax liabilities. Doctors' employment tax history is inexcusable, and after years of non-compliance, it is likely Doctors will continue to fail to meet its employment tax obligations.

25.   Defendants have substantially interfered with the internal revenue laws by repeatedly failing to: (a) pay the employment tax obligations for the corporation for which they are responsible, as required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402; and (b) make employment tax deposits as required by 26 U.S.C. § 6302 and 6157, and 26 C.F.R. §§ 31.6302-1, 31.6302(c)-2 and (c)-3.

26.   Although, the IRS has repeatedly contacted the Defendants about their noncompliance with federal employment tax obligations, the Defendants have failed to comply with those obligations.

27.   Absent court intervention, the United States lacks an adequate legal remedy to prevent Doctors from continuing to pyramid its employment taxes.

28.   The United States has suffered, and will continue to suffer irreparable harm as a result of the Defendants violation of federal statutes, including, but not limited to: (a) the loss of tax revenue, including, the loss of the employees' FICA and income taxes; (b) the drain on limited IRS resources caused by the Doctors' continued noncompliance with the law, and (c) the harm to the tax system as a whole by undermining public confidence in the federal tax system

and encouraging the widespread violation of the internal revenue laws.  An injunction against the Defendants is appropriate and necessary to prevent the Defendants from continuing to interfere with the internal revenue laws.

29. An injunction in this case would serve the public good.  The federal tax system relies on employers to comply voluntarily with the federal tax laws, by collecting and remitting to the United States Treasury, in a timely manner, all taxes due, without the need for the IRS to initiate enforcement actions.  Defendants' pyramiding undermines the most vital cog in our system of tax collection.  Additionally, by unlawfully using the tax money that should be paid over to the United States for their business and operating expenses, The Defendants exact an involuntary subsidy from the United States public.  An injunction would bring an end to the inefficient waste of taxpayer resources.

30. Furthermore, the Defendants' obstruction and interference with the internal revenue laws not only sends a poor message to compliant taxpayers, but, provides the Defendants with an unfair competitive advantage over law-abiding business competitors who comply with the internal revenue laws and pay the federal employment taxes the Defendants eschew.

31. In the absence of an injunction backed by the Court's contempt powers, the Defendants, alone or through Doctors, or another entity, will likely continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding taxes to the detriment of the United States of America.

WHEREFORE, the plaintiff United States of America prays that:

A. The Court, pursuant to 26 U.S.C. § 7402(a), enter a preliminary injunction and a permanent injunction against the Defendants, Doctors Hospital 1997, L.P. dba United Memorial

Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen and any other business Doctors Hospital 1997, L.P. dba United Memorial Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen operate or may come to operate:

  a. Ordering Defendants, Doctors Hospital 1997, L.P. dba United Memorial Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen, and any other business Doctors Hospital 1997, L.P. dba United Memorial Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen operate or may come to operate, to deposit in an appropriate federal depository bank, in accordance with federal deposit regulations, withheld employee income taxes, withheld employee FICA taxes, and employer FICA taxes, all as required by the Internal Revenue Code;

  b. Ordering at least one of the Defendants or a representative of one of the Defendants, Doctors Hospital 1997, L.P. dba United Memorial Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen to sign and deliver affidavits to a revenue officer, or to some other person or location designated by the IRS, on the first day of each month, verifying that the requisite deposits of withheld income taxes, withheld FICA taxes, and employer FICA taxes have been made in a timely manner;

  c. Ordering Defendants, Doctors Hospital 1997, L.P. dba United Memorial Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen, and any other business Defendants, Doctors Hospital 1997, L.P. dba United Memorial Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen operate or may come to operate, to timely file all employment (Form 941) and unemployment (Form 940) tax returns coming due after the date of the injunction;

   d. Ordering Defendants, Doctors Hospital 1997, L.P. dba United Memorial Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen and any other business Defendants, Doctors Hospital 1997, L.P. dba United Memorial Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen operate or may come to operate, to timely pay all the required outstanding liabilities due on each return required to be filed herein;

   e. Ordering each Defendant, Doctors Hospital 1997, L.P. dba United Memorial Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen, for the next five years, to notify a revenue officer, or some other person or location designated by the IRS, if he or she intends, within that five-year period, to form, incorporate, own or work in a managerial capacity for another or a successor business entity;

   f. Enjoining Defendants, Doctors Hospital 1997, L.P. dba United Memorial Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen, and any other business Defendants, Doctors Hospital 1997, L.P. dba United Memorial Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen operate or may come to operate, from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of the employees, except for a payroll services provider approved in advance by counsel for the United States;

   g. Enjoining Defendants, Doctors Hospital 1997, L.P. dba United Memorial Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen, and any other business Defendants, Doctors Hospital 1997, L.P. dba United Memorial Medical Center dba United General Hospital, Syed Rizwan Mohiuddin and Farida Moeen operate or may come to operate, from assigning and/or transferring property or making any payments after the

injunction is issued until deposits set forth in subparagraph (a) are made and until the employment taxes and withholding liabilities due under subparagraph (d) after the date of the preliminary injunction are first paid to the Internal Revenue Service;

      h.    Ordering that if Defendants do not abide by the terms of the Injunction, or is in contempt of the Injunction Order, Defendants agree to immediately cease doing business; and

      i.    Awarding the United States such other relief as the Court deems just and proper.

RYAN K. PATRICK  
United States Attorney

/s/ Stephanie M. Page  
STEPHANIE M. PAGE  
Attorney, Tax Division  
State Bar No. 13428240  
Department of Justice  
717 N. Harwood, Suite 400  
Dallas, Texas 75201  
214-880-9749  
214-880-9741  
Stephanie.M.Page@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ❏ 2  U.S. Government Defendant
- ❏ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | ❏ 871 IRS—Third Party 26 USC 7609 | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.